UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-07446-SVW-AJR | Date:  November 10, 2025 |
| | Page 1 of 2 |

Title:     Eric Hinders v. Warden B. Birkholz

DOCKET ENTRY:  **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS MOOT**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:         ATTORNEYS PRESENT FOR RESPONDENT:

   None Present                                                                None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On August 22, 2025, *pro se* Petitioner Erik Hinders ("Petitioner), an inmate in the custody of the Federal Bureau of Prisons ("BOP") at FCI Lompoc II, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (the "Petition").  (Dkt. 1.)  In the Petition, Petitioner challenged a prison disciplinary finding that resulted in the loss of good time credits.  (Id. at 1.)  On November 7, 2025, Respondent filed a Status Report advising that since the filing of the Petition, the BOP has provided Petitioner with a rehearing of the disciplinary proceedings, which resulted in the incident report being overturned and expunged.  (Dkt. 12 at 1-2.)  Accordingly, it appears that Petitioner has received all of the relief he sought through the Petition.

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-07446-SVW-AJR                           Date:  November 10, 2025
                                                            Page 2 of 2

Title:    Eric Hinders v. Warden B. Birkholz

---

federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

Accordingly, it appears that the Petition is now moot and the Court therefore lacks jurisdiction over the action.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **November 28, 2025**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this Court still has jurisdiction to consider Petitioner's claims in the Petition.**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed for her failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

If Petitioner agrees that this action is moot, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).